cases are 2012-1425 K-TECH v. Time Warner and 2012-1446 K-TECH v. DIRECTV. The panel discussed what we thought we ought to divide up time and how we ought to proceed, because quite frankly it's almost identical issues in the two cases. It really doesn't make sense to have one 15-minute followed by another 15-minute. So we would like to hear if there are no objections by you all, hear just from Mr. Bright, maybe give you, say, 15 minutes to go forward, and then have you all split maybe 10 minutes and 10 minutes on the appellee, and then give you a five-minute rebuttal. I mean, that's more than the 30 minutes you would normally get, but less than the 60 overall. Any objection? No. Okay. And the 10-minute, 10-minute thing, we're going to ask the second person not to just repeat ad nauseum everything that we already covered in the first, because the briefs are just so similar, so try to focus on what else you think we might be missing. Mr. Bright, please proceed. So 15, 10, 10, 5. Okay. Oh, yeah. Come on up. So one of you has to vacate your chair and let him sit. I'm sorry. I thought maybe you were already situated right, but you couldn't have been. That makes total sense. There you are. Okay. Mr. Bright, please proceed. I'll bid you good morning, even though the morning has slipped away from us by a minute or two. May it please the panel. I'm Pat Bright. I represent the plaintiff in this case. I'm the appellant in this court. There are two cases before this court. Both of them present the same basic question, and that is, has the First Amendment component in each case adequately stated under bill of lading a cause of action for direct patent infringement? I think the answer is as shown in my briefs and as I've tried to lay out in tables in both my opening and reply briefs, that the complaint does satisfy. As an alternative, you request the opportunity for leave to amend. If you were to amend, what would you add? The only thing I can think to add, Your Honor, quite frankly, would be perhaps a few additional words about the infringing systems, but I don't think it's necessary, quite frankly, and I think the case should be remanded with instructions for this report to order defendants to answer. Like what additional words? I'm hard-pressed to say at this moment, frankly, because I think I've adequately identified for these very wealthy, very sophisticated, very highly leveraged lawyer groups what we're talking about. Anyone who doesn't know what the Timeline Cable television system is doesn't live in a big city where they hold sway and indeed monopoly as they do in Los Angeles. The same is going to be said of DirecTV. The accused systems are the television broadcasting systems that they both put out, one by satellite, one by cable. I think this is more than adequately stated in the complaint and more than adequately satisfies Form 18. Are there multiple ways to do this transition? Not to my knowledge, no, and none has been brought to my attention. Would any system or network infringe, no matter how it worked? This is hard for me to say, Your Honor, because I can't think of a set of circumstances where it wouldn't be so, but that may simply be a deficiency in my own technical understanding. I don't pretend to be an expert on the broadcasting of television signals either by cable or satellite. I know the basics of it, but I, of course, like most lawyers who were trained long ago in a different discipline, I have to rely on the experts to some extent. But I don't think the panel needs to be terribly concerned this morning as to whether there might be some other way to do it, because there's nothing before the trial court and nothing before this court to suggest any such thing exists. Indeed, my opponents haven't even denied infringement. Why did you allege in your complaint that there are only limited methodologies for doing this or there are not substantial non-infringing ways to make this modification? Because Form 18 doesn't require it, and Bill of Lading makes that crystal clear. Well, you argue that Bill of Lading takes the whole plausibility component out of the picture, and yet I obviously know what Bill of Lading says, and it starts by saying Rule 8 requires that you make a plausible claim, and so that Form 18 presupposes that on its face it's plausible. Well, that's true. That's true. But at the proceeding stage, the plaintiff is entitled to have his allegations believed until they are denied or proved up false, and that's where we are. In fairness, under Form 18, you couldn't say, I have a patent for engines. You are in the computer business, and you have a computer system that has to do with selling products to consumers, and that's not plausible on its face because the patent and the product, there's no connection. I understand Your Honor's point, but it's not applicable here, because patents are about how you configure signals to make them fit together so that you may broadcast them as a group or send them through the air by a satellite. So this isn't the case. There have been some district court cases in the wake of Bill of Lading which said that you, Mr. Complainant, you, Mr. Plaintiff, haven't adequately identified the infringing product or method, and this is a hypothetically wrong report. The district courts are being careful to recognize that Form 18 still has a component of notice in it. Yes, several of the district courts have said, I sympathize with you, Mr. Defendant, because Form 18 is a scant requirement. It is scant. Form 18 itself gives an example of a complaint where the identified product that infringes is a motor. That's pretty broad, Your Honor, pretty broad. We've been far more specific by identifying the precise systems that these people send to their customers. I'm one of the many privileged to have a Time Warner cable system in Los Angeles. It doesn't say a motor. I beg your pardon? It says an invention in an electric motor. My point is that it's a very generalized statement. Mine is more specific, and I think adequately specific, to help so that the defendants may know what you're talking about, and that's the point. Mr. Brady, you got a letter from your opposing counsel, I think it was in the form of a letter, saying, no, we don't infringe. I didn't. My predecessor did, Your Honor. He did, and he offered to have a meeting with the lawyer who had taken out the patents, and really with the owner of the patent, KTAC. But he wouldn't let the KTAC owner bring his patent lawyer with him on the theory that he'd taken the patent out. So my client said, well, I'm not going to go there naked without a lawyer. I'm just not going to do that. And I've been involved in these so-called disclosures. What they usually involve is an exchange of information between appointed experts and some sort of report back. And everyone is then sworn to not use the information obtained. So you really gain nothing. So you're a gambling man, Mr. Brady? Are you willing to stipulate on the record if it turns out that the writer, the author of that letter, produces information that satisfies the court that indeed it is a non-infringing method and it doesn't have anything to do with your methods, that your client pays their attorney's fees? Well, I don't think that issue is before the court this morning, because neither side hasn't denied infringement on the record in court, Your Honor. That's number one. And number two is if it turns out that, against all that we believe so far, that their systems are non-infringing, then we will cheerfully retreat. Promptly retreat. It happens all the time that you start a patent infringement case and your opponent says, we don't infringe. I can't think of a case I've had where my opponent conceded infringement. Not one. And I've been doing it 40 years. Most of these districts, certainly California, Central District of California, have early disclosure rules. They do. But supposing you've got, there are some out there that don't. It puts a defendant in a terrible position if we just say, hey, send it back, and they're in a court where there is no early disclosure, and they have to go into litigation full bore. That's not the problem here, because we are obliged to make early disclosure, Your Honor. So that's a non-issue in this case. And in any event, it is a sequelae. It is not what is before you today. The question is, does bill ablating apply? I want to bring one thing to the court's attention, because I didn't realize it until the end of last week. There is another federal circuit case called Superior Industries v. Four Global Enterprises. Judge Rader, writing for Unanimous Panel, said that bill ablating applies, and he added, although the parties do not discuss the Form 18 pleading standard in their briefs, this court acknowledges that standard to review the dismissal. So even though the parties didn't brief him, Judge Rader said, Form 18 is the law of the land, so how is a direct patent infringement claim is concerned. And I ask this panel to apply that rule and remand these cases for telling the district court to order them to answer. Once they answer denying infringement, we'll make our early disclosures, and it will readily become apparent if there's anything to be said on the non-infringement side of things. I don't think bill ablating goes as far as you think, and I also think Form 18 is awfully fuzzy. I mean, the language is from the 1930s, and it got amended some, but they never changed the core in a machine. I mean, supposing I filed a complaint that said, I have a patent in a computer, what does that mean? Nothing until you specify the system accused of infringement, Your Honor. I agree with you. You must specify the product or method charged with infringement. That's one of the elements of Form 18. And I've laid this out. If you look at my opening brief at pages 14 and 15, I lay out my complaint where I have those allegations, and I repeat it in my reply brief at pages 3 and 4. You're alleging that they necessarily have to make this modification, because you're saying it goes in one way and it comes out the other way, right? That is what we believe, Your Honor, yes. Remember, we haven't taken any discovery yet. This is information that is in part held in secret by them. They don't publish this information. By the way, Mr. Wright, I'm going to ask your opposing counsel who wrote that letter the same question. Sorry? I'm going to ask your opposing counsel who wrote that letter the same question. I don't think that lawyer is here today. Oh, no, that's too bad. I've had the privilege of dealing with the direct TV people before, so. All right, let me go back. I'm also better familiar with their candor. To where I was on the substance. There was a discussion in a letter about local technology. I think it was called local collection, signal collection technology, that one of the direct TVs that we looked at that, and we don't think that infringes. Is that where you think this occurs, this modification? I'm sorry, Your Honor, I don't understand your question. The local signal collection technology that they refer to having examined for purposes of determining non-infringement in the first letter exchange. You haven't studied those? I read the letter, but it doesn't tell me a thing about, nor does it tell my experts a thing about whether there is grounds for applying a non-infringement. Not a thing. All right, but that wasn't my question. My question is, is that where you are saying that this modification necessarily would have to occur? Not necessarily. We don't know this with great certainty yet. But once I get my disclosure, presumably we'll enter into a protective order like we do in all of these cases. And under the auspices of that protective order, they will make the necessary disclosures. And then we'll make the necessary judgment about whether we can make a case for infringement. My burden. Happy to bear that burden. I think we'll make the grade. But today we're not even addressing the question of whether I can make the burden. I think we're addressing only the question of, is this a case for direct patent infringement? It is. There's no dispute. Two, does Bill of Lading govern this case? I think it does. There's no two ways about it. Does Twombly-Hickaul govern this case in any way, shape, or form? No. No, this Court has said it does not. That Form 18 is not true at all. No, that's not true at all. The Court said Twombly doesn't govern to the extent it could conflict with Form 18. But certainly Twombly sets a standard that governs and applies in the cases. I mean, in fact, for that matter, I think Bill of Lading goes on and applies Twombly to the indirect infringement. I remember that. No. Bill of Lading says that Twombly-Hickaul applies to claims of indirect and contributory infringement because Form 18 does not govern such claims, Your Honor. That's what Bill of Lading says. The difference is when there's a conflict between a notion in Twombly and Form 18, Form 18 governs because it's more specific. But it doesn't mean Twombly doesn't apply. This Court said it doesn't apply. That's not what the Court said. That's not what the Court said. What the Court said was to the extent that the parties argue that Twombly and Hickaul require more than would appear on the face of Form 18, then the forms control. But it didn't conclude that Twombly and Hickaul were necessarily inconsistent with an appropriate application of Form 18. So, Your Honor, I read Bill of Lading to say in so many words that rather than analyzing a claim of direct patent infringement under Twombly-Hickaul, Form 18 is the correct analysis. Conformed to Form 18 and you have satisfied the pleading requirement of Rule 8. Unless you have the sort of situation where your patent is about televisions and you're suing someone that makes automobiles. Then someone can say, what are you talking about? But that's not the case here. We're suing people who have cable systems or manipulating signals in a way that our patents call for. We believe cover. So there's nothing far-fetched about our complaint. Well, you say in a way that our patents cover. But you have no information or belief that that's true. You say, well, give me a chance to take discovery and then I'll figure out whether they're infringing. I think they will be. They often are. But that's a fishing expedition that you're asking for. And we're not supposed to allow that to occur. You actually have to give them notice of what you think infringes and why. Respectfully, Your Honor, if you read Bill of Lading, it says in so many words that I need not tell in my complaint how they infringe. I must only identify the accused system. But you haven't alleged that they do. You've stood here in open court and said, I think they might. I'll find out more when I get discovery. That's so superficial. Well, I have no evidence. You know what? You might well get by, Court of 18, but you're going to be in Rule 11 purgatory if you approach cases this way. Well, all right. To some extent, there's information. I don't know if you're aware, but the lawyers that survived in Bill of Lading ended up being sanctioned with respect to at least one of the defendants. So their complaint survived, but their pre-investigation filing and their refusal to dismiss their complaint got them in trouble. And this Court affirmed those sanctions. Well, that I don't know, Your Honor. And I don't think that's before the Court today either. At least I hope it's not before the Court. I thought we were here on a simple question of whether my complaint satisfies Rule 18 in Bill of Lading. If that's not what we're here for, then I guess I haven't briefed the correct case. Why don't we hear from your appellee, Mr. Benyikar? Yes, Your Honor. Benyikar. Mr. Benyikar. So 10 minutes. And then, so when your red light is on, your time is up. All right. Then he gets his time. He does not want you eating into his time. I'm sure you have not. All right. May it please the Court, this is not a case about whether it turns on whether Form 18 applies or whether Tuamu applies, because the amended complaint in this case clearly satisfies neither. For the reasons that we just heard from my opponent, and as stated in the complaint, the amended complaint, the amended complaint admits on its face that KTEC does not actually know whether Time Warner Cable is infringing or not. Let's proceed on the assumption that Form 18 applies. So focus your argument on the ways in which you contend that Form 18 is not satisfied. So Form 18 is not satisfied because Form 18 says on its face that it's relying on a series of inferences based on facts that don't correlate to what we've read. But it doesn't say that. It says in Paragraph 7, Time Warner, that's your, you're directing it yourself. Yes, I am. Time Warner has infringed the KTEC patent, Paragraph 7, by making, selling, and offering to sell in this judicial system district systems and methods for modifying a major, minor, da-da-da, that are covered by one or more of the claims of these patents. I mean, that's a direct allegation. And you may say, well, he admitted in open court, Your Honor, he doesn't have the proof to back that up. That's a Rule 11 question. That's not a pleading question. It's not a notice question. He has accused you of infringement. Don't be confused. The language is clear. So that's true, Your Honor. That is the conclusory allegation of infringement. How is that any less detailed than Form 18? The defendant has infringed and is still infringing the letters patents by making, selling, and using electric motors. Electric motors! Just electric motors that embody the patented invention. That's it. That's all there is. Form 18. Boom. I don't like it. An electric motor is a specific device. Your system and method for modifying your major channel and minor channel is a specific device. You've got a system. It's in a back room somewhere. Your Honor, our systems, we don't have a system in a back room. A cable network is spread all across wide geographic areas, which do many, many different things. The fact that it's not in a single room doesn't avoid infringement. You have a system that is performing the steps of changing Judge Juney, Channel 402, into Channel 21-1, or vice versa, whatever. So I would just like to look at Paragraph 7 and the rest of the pleading. Paragraph 11, too, I read. Yes, thank you, Your Honor. Paragraph 7 and Paragraph 11. Paragraph 7 begins with the conclusory assertion, okay? It then goes on to say that over-the-air broadcasters, such as CBS, ABC, NBC, and Fox, must assign channel numbers with major channel numbers and minor channel numbers, which, according to this pleading, are specific types of channel numbers defined in the PSIP specification that exist in VCT tables or PSIP tables. This is on the face of Paragraph 7 itself. So it says, it says, the over-the-air broadcasters must do that. The over-the-air broadcasters, not Time Warner Cable, must assign major channel numbers and minor channel numbers. It then, and it explains where that comes from. APSC standard requires PSIP. PSIP has these tables that have these things that the PSIP specification calls major channel numbers and minor channel numbers. It then says that Cape Tech patents identify systems and methods for modifying major channel number and minor channel number. And then, after that whole paragraph, now we get to the basis for the infringement allegation, which is what the district court focused on, which is, in order to broadcast programs in a cable or satellite system, companies such as Time Warner must identify television programs with a channel number. It doesn't say it's a major channel number. It doesn't say it's a minor channel number. And it doesn't say a value is changed in the PSIP table. There's a direct inconsistency between what they said the patents cover. They don't have... And it doesn't say a channel number is patented either. It absolutely does not. It very clearly spells out what the invention is, that CBS and ABC and the over-the-air broadcasters have to do it because they broadcast over-the-air. And it very carefully does not say, on purpose, that Time Warner Cable signs a major channel or minor channel number. And that is the basis on which... What about paragraph 11 that Judge Wallach suggested that you also be sure to read? Yes. So, what paragraph 11 then does, which was added in the second in the amended complaint, is in response to the district court judge's dismissal of the original complaint based on Twombly because the allegations did not correlate to what they say the patent is, all they did in the amended complaint is say, oh, here's an example of a judge duty program. See, Time Warner Cable signs channel 402. It's the exact same problem. Once again, they don't say it's a major channel number. They don't say it's a minor channel number. They don't say anything in a piece of the table stage. They didn't say anything. And then in paragraph 11, what they, in effect, say is, we're not saying that it's our invention because we actually don't know. So, we said some things about... KNIN. I'm sorry? KNIN, Knowledge, Non-Information, and Belief. Correct. So, they plead facts that, on their face, are entirely consistent with non-infringing conduct, which is what the district court said. You say your invention is major channel, minor channel number, changes in a piece of table. All you'll write is they assign a channel number. That is, on its face, consistent with non-infringing conduct. All they did was come back in the amended complaint, basically say the same thing again by just giving an example of 402, and that's why the district court judge said, you didn't do what I told you to do. I pointed you to Twombly. I said, Twombly requires you to... Well, clearly the district court applied an improper standard here. I mean, applied the wrong standard. It wasn't even looking at Form 18, even if informed by Twombly. So, we do have a problem in that the district court was giving them direction about how to amend the complaint and whether they should be allowed to amend the complaint without understanding what standard it was to be applying. Correct? So, I don't agree for the same reasons, Judge Romali, that you said a moment ago, which is that Bill of Leading assumes that Form 18 is going to be applied or is on its face, complies with a plausibility standard. It cannot be plausible, I would respectfully suggest, under any circumstances, to say, my invention is X and you do Y and therefore you infringe, which is what this complaint has now said twice. So, whether you apply Twombly, whether you apply Form 18, it cannot be plausible to say, my invention is changing major channel numbers and minor channel numbers in a piece of paper and what you do is you assign a channel number. Whether you apply Form 18, Twombly, it cannot be. Wait, but he says in paragraph 11, Time Warner is utilizing systems and methods protected by the K-5 to update the digital signals it receives rather than other non-infringing methods and systems. On information and belief, we believe you're using our system rather than other non-infringing ways that we know there are to deal with. So, in response to your question, Judge Romali, paragraph 11 says on its face there are non-infringing ways to do it. There's absolutely no... But clearly, you have to do it. In order to have it come out the back end, you have to do something, right, to make the transition. You're not saying that this modification doesn't occur in your system, are you? What we are saying is that you can assign a channel number in such a way that it has absolutely nothing to do with PSIP, absolutely nothing to do with major channel numbers, and absolutely nothing to do with minor channel numbers. And in fact, we told them this below in our briefs. If you read our... Well, you say you can, but you're very carefully not saying we do. So, why isn't it enough? If he can't gain access to your system, that's impossible for confidentiality reasons. How could he ever bring a suit against you under those circumstances? Well, so, I have two responses to that. The initial is that the predicate is incorrect. You'll notice his papers are very careful not to say, I can't find out anything. All he says is, there are details. I'm not going to tell you what they are, but there are details that I don't know, and therefore I'm entitled to an instance of infringement. As we say in our papers, the complaint on the space alleges that this PSIP data is transmitted in a published standard, and KTEX business is making the equipment to receive those signals and process the PSIP data. So, while they say, there are some unidentified details I don't know, they never say, we were not able to figure out, when we looked at the studs due to broadcast, whether or not that number 402 was a PSIP file. Counsel, you do realize that in all the patents, and all the claims of those patents, there's only one claim that references PSIP. All of the others, like claim 13 of the 533, talk about a method of translating a first digital transport stream with program info table into a second digital transport stream, where PSIP doesn't appear. Using a PSIP table doesn't appear. Most of the claims are not limited by anything in the language of those claims to making this transformation by PSIP. There's only one. Claim 24 of the 903 patents expressly refers to PSIP data and using it to make the translation. Your Honor, I don't agree with that. And let me tell you why. You don't agree with it? Okay, then show me the word PSIP as it appears in any other claim in any of the patents being asserted. So, the letters P-F-I-P next to each other don't appear, but if you look at the claim that KTEC relies on now, contrary to what I told the district court its invention was, but if you look at the claim that it relies on now, which is on page 6 of their brief, they say, see, this claim doesn't require PSIP. Well, what the claim requires is that you have an ATSC signal, which according to the complaint itself necessarily carries PSIP, according to the complaint itself. It has an ATSC signal. It has a program information table, and PSIP stands for Program System Information Protocol. It has an ATSC signal. It has a program information table, and in that program information table are major channel numbers and minor channel numbers. But a program information table could just be a translation table. It doesn't have to be the specific one, the standards set up vis-a-vis PSIP. Well, except that the claim itself says major channel number and minor channel number, which the complaint by its face and the patents teach is a PSIP nomenclature. The patents themselves say that. They're attached, and that's what they plead. Well, so if we were doing a claim... Are you saying you don't... I mean, obviously you understand exactly what these patents are claiming. Are you really saying that you don't understand, that you don't have notice of what it is they're accusing you of? What we're saying is that they don't have a basis to bring this complaint. They don't know if we're infringing, and what... They don't know if you're infringing. So you're saying they have to have full proof before they can... No, they have to have some plausible basis. I don't want to get my co-counsel mad. I know I'm over the time limit, but you cannot just say, you know, I have a patent on a new kind of chair, and I know they sit down at the Coca-Cola company, but they don't let me in to look, so I'm going to sue. I don't know if they're infringing my chair or not. You need to have some plausible basis for believing this is infringing. Judge O'Malley framed her question very clearly, and then you didn't answer it. You sort of answered your own question, and her question was, are you really saying you don't have notice of what your company does that they're accusing of infringement? Because that's all the pleading standards require. What you articulated in response was what they needed to be able to do to satisfy Rule 11, which is a totally different inquiry. So are you saying you don't have notice of what they're accusing of infringement? Yes, that is what I'm saying. We have a big company that does many different things in the course of the many different ways that we broadcast programs, which is why Form 18, and which is why Parliament requires you, in the case of Form 18, to identify specific crimes. Now, in this case, they concede... Okay, we want to hear from your... I'm sure he'll continue to reinforce things you've said. They concede that what's accused of... Okay, when I said we need to hear from them, that means you stop talking and you sit down. I apologize. We'll give you your full ten minutes. Thank you, Your Honor. May it please the Court, Darren Snyder for DirecTV. KTEC wants to unlock the doors to discovery and impose the burdens of litigation based only on a complaint that does not meet the requirements of Form 18 and does not state a plausible claim for relief. I'd like to address three issues, Your Honor. First, KTEC's complaint, first amended complaint, does not meet the requirements of Form 18. Form 18, as Your Honor pointed out, alleges an electric motor that embodies the plaintiff's patent. There is no corresponding allegation to an electric motor anywhere in the complaint or the first amended complaint. What about when he says your system's an apparatus? No, that is the equivalent of saying defendant infringes. It provides no information at all and is exactly the kind of conclusory paragraph... Well, he says it's your system's an apparatus that converts the major channel to the minor channel. I mean, it's just like me saying to my kids, go get that thing that holds the cookies. I can't remember what it's called, but the thing that holds the cookies and bring it over to me. They know what I mean. You know what he means. Your Honor, actually we don't. The complaint is about modifying major channel numbers, minor channel numbers, and carrier frequencies. So when the plaintiff alleges that parts of the defendant's systems that modify major channel numbers, minor channel numbers, and carrier frequencies, it's merely saying the part of your system that infringes my patent. It doesn't provide any notice or information at all. You concede that there's a part of your system that effectuates modification, correct? No, we do not concede that there is a part of our system that modifies virtual channel tables and major channel numbers, minor channel numbers, and carrier frequencies. Absolutely not. There are only two factual allegations in the first amended complaint about the REC TV system. The first allegation is that REC TV uses channel numbers to identify programs. And that is in paragraph 7. Paragraph 7, it found that That's sort of prior art. Of course, Your Honor. Anybody who's ever watched TV and predates 2000, which is when these applications were filed, knows that that's how you identify channels. And REC TV's been in business since 1994. That's how it's always identified channels. And we've all watched television before the year 2000. We know that that's how you identify channels. So that doesn't tell us anything. Paragraph 7 has a lot of words in it. But that is the only factual allegation about REC TV. Are you telling me there's no mechanism for modification that occurs before the channel identification in your system, regardless of how they do it? There is no modification of virtual channel tables in the way described by the PACS by REC TV. And that is why Mr. Kosmic at REC TV informed KTX Counsel that we do not believe we infringe. And we'd be willing to talk about that. But he may well be wrong. Because now what you're saying to Judge O'Malley in response is, no, we don't do it the way that the patent claims. But you still do it. You get one channel coming in, and you get a different channel on the customer's TV. Somehow those channels get modified by something within your control. And whether it's according to the method articulated in the patent is a question of infringement or not. But it isn't a question of notice. You know that he's accusing that thing that you use that changes it from one channel to the other. Whether it does it the way he claims or not is another issue. It's an issue for infringement. But it's not an issue for pleading. Your Honor, respectfully, I disagree. Because if you frame the question that way, then it would always be adequate merely for a plaintiff to say, defendant infringes. And the part that I'm accusing of infringement is the part that does what my patent describes. My patent describes changing channel numbers. And I'm accusing the part that does the part that my patent covers, changing channel numbers. No, it's not the same as saying defendant infringes. It's saying defendant accomplishes this process. It accomplishes what it needs to accomplish. And we're alleging that it's doing it through our system. I mean, you knew enough to go back in and look at your system and say we've analyzed the way we do this and we don't think it infringes. If you knew that much, how is that not sufficient notice of what they're accusing you of? You might completely disagree on whether you're infringing. But you know what it is that they think you're doing. Your question raises an enormously valuable point that we raise in the briefs. When KTEC wrote to DIRECTV and accused them of infringement before filing a complaint, it provided more information than is found in the complaint. It accompanied its allegation and its letter with claim charts and a presentation about how the infringement was found. And Mr. Koslick from DIRECTV wrote back to KTEC and said, we think you're mistaken. We don't infringe. And if you want to talk about it, let me know. Those claim charts are not part of the first amended complaint. Only after his original complaint was dismissed, did KTEC attach the correspondence. And then, Mr. Koslick assumed the intention of those claim charts. Your problem with that is the zeal on its face says, you don't even have to say which claims were accusing you of infringing. So not only does he not need claim charts, he wouldn't even have to specify the precise claims. He's done more than that here. He does not have to identify the claims for his complaint. He does not have to identify how each element is met. But he does have to do something. He does have to identify the device, even by his own admission. He has to identify the device or process that infringes. He has to identify something else. How is that any different than electric motors? It's not saying model number K2, 7, whatever. Or my team says, hey, you make electric motors. I've got a patent on those things. Boom, you infringe. I mean, I think it's awful. I think it's wrong. I wish Form 18 could be modified. I think it's too imprecise. That's the standard. When you look at Paragraph 7, Your Honor, and you compare that first sentence to the factual allegations that are made in the remainder of that paragraph, the fact that that first sentence is merely a legal conclusion that should not be given weight for purposes of... But how is Form 18 any different? How is it anything other than a legal conclusion? In Form 18, the hypothetical plaintiff specifically identifies electric motors. And there's no electric motors identified here. He said your system that converts the channel. Actually, he doesn't. He never says the system that converts the channels. He says DIRECTV has infringed by making, selling, and offering to sell  for modifying a major channel number, minor channel number, and or character frequency. And when you look at the remainder of that paragraph, that is almost verbatim a description. This is on page 57 of the appendix. That is almost verbatim his description of what the patent's covered. He then says... I'm now looking at Line 18 of page 57 of the appendix. The KTEX patents identify systems and methods for modifying a major channel number, minor channel number, and or carrier frequency to identify a television program. The very next sentence is the first sentence that says anything factual about DIRECTV's system. In order to broadcast programs in a cable or satellite system, companies such as DIRECTV must identify television programs with a channel number so that users can select the programs. That is not the patent, and we all know that's not patentable. He then says, these companies may also be using the carrier frequency to identify programs. He doesn't know. He admitted to the court he doesn't know. So what happens? Let me give you an analogy. What if we have a situation where someone in a manufacturing facility is making a product, blacks out all the windows, keeps it all secret, swears all their employees to secrecy, but the product that comes out at the end of the day is a product that would be completely covered by someone else's patent. If they don't know, and it's a method patent, if they don't know how that product is made, and they can never learn it, are they forever barred from ever accusing that person of infringement? I want to answer your question directly, but let me say one thing first. That is not this case. There is nothing in KTAC's First Amendment complaint that says, we have looked at what goes in, and we have looked at what comes out, and this is the most that we can tell you. They don't say that because they don't appear to have done that analysis, and they don't appear to indicate what the results of that are. It's also not this case because you don't have a factory with the windows all blacked out and a refusal to provide any information. DirecTV wrote back to KTAC and said, we will talk to you about this. We will explain why we don't. The only thing we want is not to involve the attorney who is prosecuting these patents. All four of these patents are based on a single, original application. They are continuations. The continuations continue. And DirecTV very reasonably said, the very person who is in charge of amending claims, we don't want to hear how our system works. So this is not your example. Now, to answer your question directly, is there a situation in which a plaintiff may not be able to get enough information? I don't know. I assume that there may be some situation that someone can dream up where it is absolutely impossible to tell whether or not the defendant infringes. But of course, as we know, the plaintiff doesn't have to prove infringement in his complaint. It has to state a plausible claim. It has to allow the court and the defendant to draw the reasonable inference that the defendant is liable for infringement. So why isn't his claim plausible? It accuses your systems and methods that do the conversion. You don't agree with me. That's what it does. Say I say that's what it does. Hypothetical. If it accuses your system that performs the conversion of infringement and says, I think you're doing it the way that's covered by my patent, why isn't that plausible? Why isn't that enough? Because the patent covers... You're right. I don't agree with you. But I will assume that for purposes of your question. Because the patent covers that modification, saying I'm accusing the part that does the modification provides no notice at all other than saying I'm accusing the part that infringes. It does not identify the device or the process that it believes constitutes that infringement. It's merely saying... I don't understand. Do you need a model number? I don't understand what you need to be unnoticed. Does he have to say your model number X27? What does he have to do? Because that's not required by Form 18. In each of the cases in which this case, this court has tested Form 18 against complaintless allegations, there has been the equivalent of something like a model number. There have been specific allegations... Just out of curiosity, does your system have a model number? The system that your client uses to convert major to minor channels or whatever, or whatever conversion it performs, because there's some number coming in and a different number going out, that much is established. Does the system that do that have a model number? I don't know the answer to that, Your Honor. I don't know if there is any model number that does that. Well, you don't know how he's supposed to identify the model number. Well, I'm not in charge of doing the pre-filing investigation, Your Honor. This court said in Pew Engineering that as part of his pre-filing investigation, he is, whether he puts it in his complaint or not, a pre-filing investigation... Right, but that's a Rule 11 problem. That is a Rule 11 problem. If you can answer that complaint and you can file a Rule 11 letter and say, you need to dismiss this lawsuit because we're not infringing and you haven't done an adequate investigation of it, but that's very different from whether something satisfies Form 18. It is a Rule 11 problem and it is different, Your Honor, but they are related and they're related in this way. If a plaintiff has done an adequate pre-filing investigation using the standards articulated by this court, then the information that it needs to include in its complaint is information that it already should have and it only needs to reveal a portion of that information to state an adequate complaint. All it has to do is identify the allegedly infringing device to meet Form 18 and explain how that connects to the patent. And if it can't do that because of some circumstance, then all it needs to do is identify a plausible basis for a reasonable inference that it offended infringers. It has to do something more than identify two bare facts that are completely consistent with non-infringing conduct and that's all that the plaintiff did here. And that's why the complaint should be dismissed. Thank you, Your Honor. Thank you. Good morning. It's clear from what my opponents have had to say that there is no argument about a few things. One is that this is a case of direct patent infringement. Two is that Bill of Lading applies to direct patent infringement cases. And three is all that's left is to be satisfied with Form 18 and I submit that we've done what we've done in our briefing that we did. When I spoke to the panel on my opening remarks, I said that I made a couple of comments and one of the things that counsel for direct TV said, we didn't do an analysis of the signals or some such thing or we didn't report it in our complaint. That's the point. In essence, appellees argue that the amended complaints are deficient because they do not describe precisely how each element of asserted claims are practiced by their customers. When compared to the requirements of Form 18, this argument is premised on a pleading standard that is too stringent and the panel rejected it. The panel also said in the same case, they said the language of Rule 84 in the advisory committee notes make clear that a pleading motion or other paper that follows one of the official forms cannot be successfully attacked. My point is that the trial court didn't have that, Your Honor. It came out about a week after the 30-day period allowed for reconsideration. So we were in a tough spot. If I went in for motion for reconsideration, the judge could say it was untimely. If I didn't feel I lost the right to feel because the notice is jurisdictional. So that's why the trial court stuff is almost irrelevant. What's relevant is whether we are pleading satisfied. And what is your response to their argument that despite the general statement that their systems practice this method, that you later then only point to one specific thing, which is they broadcast the number? Well, I pointed to it because it seemed to us to be the most obvious example of what we were looking at. But, Your Honor, I would point out to the court respectfully, I didn't have the benefit of bill of lading when I was writing my first amendment complaint. If I had, I might have drafted it a little bit differently. And I sure as heck would have argued it differently, that's for sure. Unfortunately, the trial court didn't have bill of lading, or the benefit of it. He didn't even entertain a lot of argument. But you now have bill of lading for a long time, and Judge O'Malley started off in the very beginning saying, well, what would you word differently? You just said, I might well have worded differently. What would you put there that you already have? I can't answer your question categorically, Your Honor, because I haven't thought of how I might write it. My expectation, I'll call it my hope, maybe that's close to what I really leave here with today. My hope is that this panel will reverse command and order the judge and direct the judge to order and answer the complaint. And, of course, they'll deny infringement. Then we'll do the early disclosures and we will quickly see whether there's anything to this or not. I have repeatedly offered, this was about the offer made to the patent lawyer earlier and then said that he was excluded from meeting with DirecTV. I've challenged them many a time to send me the proof of non-infringement and have said I'll walk away if you show me. I'm waiting for that proof to turn up on my desk. If it turns up, I'll walk away. That I swear of this day. But I haven't gotten it from either side and I've challenged all of them, including these multi-million dollars. Thank you.